# UNITED STATES DISTRICT COURT
for the
Middle District of Tennessee

| MARK NASATIR and SETH NASATIR, | ) |
|---|---|
| Plaintiffs | ) |
| v. | ) Civil Action No. 3:20-cv-01047 |
| | ) |
| PEGGY MATHES, | ) |
| Defendant | ) |

*handwritten: 123 Cumberland Shores*

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

*handwritten: 242 Post Rain St.*
*handwritten: TN 369*

To: Baldini Auction Company, LLC, c/o Patti Baldini-Martin, ~~Suite 207, 3522 Central Pike, Hermitage, TN 37876~~

*handwritten: Henderson v. /057 37025*

(Name of person to whom this subpoena is directed)

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
See Exhibit A.

| Place: Bulso, PLC<br>155 Franklin Road, Suite 400<br>Brentwood, TN 37027 | Date and Time:<br><br>03/23/2021 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 03/03/2021

*CLERK OF COURT*

OR

_____      Eric W. Smith
Signature of Clerk or Deputy Clerk      Attorney's signature

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Seth Nasatir
_____, who issues or requests this subpoena, are:

Eric Smith, Bulso PLC, 155 Franklin Rd., Suite 400, Brentwood, TN 37027; 615-913-5131; esmith@bulso.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 3:20-cv-01047

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* Baldini Auction

on *(date)* 3.3.2021

☒ I served the subpoena by delivering a copy to the named person as follows:
Personal Serv. @ 123 Cumberland Shores Hendersonville, TN 37075  on *(date)* 3.4.2021 ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00

I declare under penalty of perjury that this information is true.

Date: 3.4.2021

_____
Server's signature

J. Rossello / PS
Printed name and title

P.O. Box 253146
Nashville, TN 37209
Server's address

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

## A. DEFINITIONS

1. The phrase "documents or ESI" encompasses the full meaning of "documents or electronically stored information" as set forth in Federal Rule of Civil Procedure 34(a)(1)(A), which means it includes writings, drawings, graphs, charts, photographs, sound recordings, voicemails, images, and other data or data compilations stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form. *The term "documents or ESI" includes text messages and, therefore, you are required to collect and produce responsive text responsive text messages.*

2. "Baldini Auction Company" or "you" means Baldini Auction Company, LLC and all officers, members, employees, representatives or agents of Baldini Auction Company, LLC.

3. "Peggy Mathes" means Peggy Mathes and all employees, representatives or agents of Peggy Mathes or the association of lawyers known as Hiland, Mathes and Urquhart.

## B. REQUESTS FOR PRODUCTION

1. Produce all documents or ESI you sent to or received from Peggy Mathes concerning the personal property of the Estate of Joan Valerie Nasatir, including but not limited each communication you sent to or received from Peggy Mathes concerning such property or the auction thereof.

2. Produce all documents or ESI that evidence or relate to the engagement of Baldini Auction Company to sell the property of the Estate of Joan Valerie Nasatir, including but not limited to any engagement letters, contracts, or agreements.

3. Produce all documents or ESI that evidence, identify, or relate to the buyers of "the collection of lions plus two wall lion masks" that were part of the Estate of Joan Valerie Nasatir, including but not limited to all written and electronic communications sent to or received from any buyer.

4. Produce all documents or ESI that evidence or relate to the auction sales price of "the collection of lions plus two all lion masks" that were part of the Estate of Joan Valerie Nasatir.

5. For the following lot numbers, produce all documents or ESI that evidence, identify, or relate to: (a) the sales price of each lot number; and (b) the buyer of each lot number:

   i. Lot Number 0085;
   ii. Lot Number 0086;
   iii. Lot Number 0091;
   iv. Lot Number 0092;
   v. Lot Number 0106; and
   vi. Lot Number 0247.

6. Produce all documents or ESI that evidence or reflect your marketing and advertising of the auction of any property of the Estate of Joan Valerie Nasatir.

2

7. Produce all photographs of all personal property owned by the Estate of Joan Valerie Nasatir.

8. Produce all documents that evidence, relate to or concern any insurance claim or recovery you made for any damage to any personal property of the Estate of Joan Valerie Nasatir.

9. Produce all photographs that depict any damage to any personal property owned by the Estate of Joan Valerie Nasatir.

10. Produce the appraisals and other documents listed in https://auctions.baldiniauction.com/auction/online-auction-the-nasatir-estate-256 showing the provenance of the painting *Jazz Samba*.

11. Produce all documents that evidence or pertain to any communications you sent to or received from any person concerning any property owned by the Estate of Joan Valerie Nasatir, including but not limited to all documents concerning the auction thereof.

12. Produce all documents that evidence or pertain to your efforts, if any, to recover any of the personal property of Estate of Joan Valerie Nasatir sold at auction.

13. Produce all documents that evidence or pertain to the auction of any personal property of Estate of Joan Valerie Nasatir, including but not limited to all bids received on any such property and all communications with any bidders on any such property.

14. Produce all photographs of any tornado damage to any facility at which any personal property of Estate of Joan Valerie Nasatir was stored prior to auction.

3

15. Produce all documents you sent to or received from any person that refer to or mention the name "Nasatir."

16. Produce all documents that evidence any revenue received from the auction, sale or other disposition of any personal property of Estate of Joan Valerie Nasatir and the disposition of all such revenue.

17. Produce any engagement letters or agreements you have entered into with Peggy Mathes at any time from January 1, 2015 to the present.

18. Produce all documents that evidence any research you conducted into the value of any of the personal property of Estate of Joan Valerie Nasatir.