# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| MARK NASATIR and SETH NASATIR, | ) |
| Plaintiffs, | ) |
| v. | ) No. 3:20-cv-01047 |
| PEGGY MATHES, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Mort Nasatir was in the music business, serving for a period as the president of MGM Records, and as the publisher of Billboard Magazine, among other things. He acquired certain memorabilia during his career, including Olga Albizu's "Jazz Samba" painting that was featured on the cover of Stan Getz's and Luis Bonifa's 1963 album, JAZZ SAMBA ENCORE, and a collection of lion figurines and two lion wall masks that were emblematic of his time at MGM.

By the time of his death in July 2013, Mort had been married to Joan Valerie Nasatir for approximately sixty years. He had two sons, Mark and Seth Nasatir, the Plaintiffs herein.

Mrs. Nasatir passed away on December 2, 2019. Honoring her husband's request, she specifically bequeathed the "Jazz Samba" painting by Albizu to her stepson Mark, and the lion collection and masks to her stepson Seth.

Peggy Mathes, the Defendant herein, was the public administrator for Davidson County, Tennessee, and in that capacity was appointed to administer Mrs. Nasatir's estate. Ms. Mathes believed that some items from the estate were destroyed during the March 2020 tornadoes that hit Nashville and its environs. Regardless, Ms. Mathes sold all of the remaining personal effects of the estate, including the original painting and the lion collection through an auction conducted by Baltini

Auction Company.

After suit was filed in this Court for conversion and breach of fiduciary duty, Ms. Mathes tracked down the painting and had it turned over to Mark. The collection of lion figurines and the two lion masks, however, have not been recovered from whoever bought it at auction.

The foregoing are undisputed facts. Based on them, and the assertion that auctioning of the painting and lion collection was allegedly "inadvertent," Ms. Mathes filed a Motion for Partial Summary Judgment (Doc. No. 36) seeking summary judgment on Mark's claims "because the painting has been returned to him rendering his claim moot," and summary judgment limiting Seth's claim for damages because he "may not collect damages for sentimental or emotional damages." (Doc. No. 36-3 at 3).

After filing the Motion for Partial Summary Judgment (Doc. No. 36), the parties filed a "Joint Notice Striking Partial Motion for Summary Judgment as to Seth Nasatir" (Doc. No. 38) because prior approval for the filing had not been sought from the Court. "The parties agree[d]," however, that the motion as to Mark Nasatir "is compliant with the local rules" because it seeks summary judgment on all the claims asserted by him. (Doc. No. 38 at 1).

Their agreement notwithstanding, the motion as now redefined by the parties is still one for partial summary judgment because it disposes of less than all of the claims in this case. That is, even were the Court to grant the motion as to the claims filed by Mark, it would still be left with trying the same claims filed by Seth, assuming the case does not settle. Ms. Mathes' motion could be denied for this reason alone.

In any event, Ms. Mathes' motion fails on its merits even when limited to Mark's claims, and even though the painting now hangs in his living room. This is so, notwithstanding Ms. Mathes'

2

insistence that (1) Mark's claims are moot; and (2) he "cannot sustain a claim for conversation [sic] or breach of fiduciary duty" because he "may not collect noneconomic damages under Tennessee law." (Doc. No. 45 at 2). One need only look to the conversion claim to see why this is so.

"[T]he tort of conversion is complete and the injury occurs at the moment the tortfeasor appropriates the plaintiff's property to his or her own use or benefit by exercising dominion over it in violation of the true owner's right." Pero's Steak & Spaghetti House v. Lee, 90 S.W.3d 614, 623 (Tenn. 2002) (citing Barger v. Webb, 216 Tenn. 275, 391 S.W.2d 664, 665 (1965)). Moreover, "[a]fter an act of conversion has taken place and become complete, a return, restoration or tender or offer to return or restore the property, although provable in some cases, will not bar the cause of action in trover (for conversion)." Lance Prods., Inc. v. Com. Union Bank, 764 S.W.2d 207, 214 (Tenn. Ct. App. 1988) (citing 89 C.J.S., TROVER AND CONVERSION § 86, 581–82 (2002)). In other words, "[a] defendant cannot undo his wrong by merely returning the property to the owner." Gen'l Elec. Credit Corp. of Tenn. v. Kelly & Dearing Aviation, 765 S.W.2d 750, 753 (Tenn. Ct. App.1988). Therefore, while Mark may not be entitled to the noneconomic damages set forth in Tenn. Code Ann. § 29-39-101(2) as argued by Ms. Mathes, at a minimum he is entitled to loss of use damages, whatever a jury might find that to be, if any. See Turner v. Hubbard Sys., Inc., 153 F. Supp. 3d 493, 494 (D. Mass. 2015) (when the rightful owner retakes converted property, "he may recover as damages the difference between the value of the property when converted and when returned, plus damages for loss of use during the period of wrongful detention"); Hellenic v. Lines, DKC 13-828, 2015 WL 13617237 at *2 (D. Md. April 15, 2015) (collecting cases for the proposition that "loss of use damages can be recovered in a conversion claim where the property is returned"); Ford v. St. Louis Metro. Towing, L.C., No. 4:09CV0512TCM, 2010 WL 618491, at *15

(E.D. Mo. Feb. 18, 2010) (citation omitted) ("Where the property is returned to the owner after the conversion the measure of damages is the difference between the value of the property at the time of the conversion and the value at the time of the return, plus the reasonable value for the loss of use of the property.").

Accordingly, Ms. Mathes' Motion for Partial Summary Judgment (Doc. No. 36), even as reformulated by agreement of the parties, is **DENIED**. The file is returned to Magistrate Judge Holmes for further pretrial case management.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE